UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK CAPONE | : | |
|     Plaintiff, | : | |
| | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:06-cv-1249(JCH) |
| | : | |
| | : | |
| ELECTRIC BOAT CORP. | : | |
|     Defendant. | : | December 18, 2006 |

**RULING RE: PLAINTIFF'S MOTION TO REMAND (Doc. No. 10) AND DEFENDANT'S MOTIONS TO COMPEL ARBITRATION (Doc. No. 12) AND STAY LITIGATION (Doc. No. 14)**

The plaintiff, Frank Capone, brings this action against the defendant, the Electric Boat Corporation ("Electric Boat"), alleging unlawful discrimination and retaliation in violation of Connecticut General Statutes sections 46-60(a) (1) and 46a-60(a) (4) and the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 et seq.; negligent infliction of emotional distress; and intentional infliction of emotional distress.  The jurisdiction of this court allegedly arises under 28 U.S.C. §§ 1331 and 1367.

Capone has moved to remand this case to the Superior Court for the Judicial District of New London at Norwich (Doc. No. 10) pursuant to 28 U.S.C. § 1447.  Electric Boat has moved to compel arbitration and stay the present litigation (Doc. Nos. 12 & 14) pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq..  For the reasons that follow, the motions are DENIED.

**I.      RELEVANT FACTS**

Capone is a resident of Connecticut.  Electric Boat is a corporation established under Connecticut law that operates a submarine manufacturing and overhauling plant

in Gordon, Connecticut.

On December 2, 1982, Capone began working for Electric Boat in Groton. He is presently an at-will employee in the Program Finance Department. In July 2001, Electric Boat instituted an alternative dispute resolution policy ("DRP"). The policy requires that all claims covered by the policy are to be resolved through a three-step alternative dispute resolution program culminating in arbitration. Specifically, the DRP states that, "[t]he DRP is the sole and exclusive forum and remedy for all Covered Claims," and that, "[t]he Employee and Company agree to and hereby waive any right to jury trial for any covered claim." DRP at 4, Ex. 1 to Declaration of Cheryl J. Stergio (Doc. No. 13). Under the policy, arbitration is final and binding. The DRP further states that "the continuation of employment shall be deemed acceptance of the terms and conditions of the Policy." Id. Electric Boat explicitly did not require its employees to sign any agreement designating their acceptance of the DRP.

According to Electric Boat, in order to communicate the terms of the DRP to its employees, it: 1) mailed a copy of the DRP to the homes of each Electric Boat employee, along with a letter explaining the program; 2) sent a bulletin regarding the implementation of the DRP via intra-company e-mail to each employee's email address; 3) posted the DRP on Electric Boat's website, allowing employees to access the policy on their work computers; and 4) distributed bulletins explaining the DRP to employees at Electric Boat's facilities in Groton and Quonset Point, Rhode Island. On May 9, 2003, Electric Boat notified its employees of an amendment to the DRP. Electric Boat sent a Notice of Amendments and copy of the amended DRP to each of its employees

through mail, email, and a posting on the Internet.  Capone denies having received, read, or in any way learned of the DRP before he brought suit.

On August 23, 2005, Capone filed a complaint against Electric Boat in the Superior Court for the Judicial of New London.  In that case, Capone alleges age discrimination in violation of Connecticut General Statutes sections 46-60(a) (1) and (a) (4) and the ADEA; negligent and intentional infliction of emotional distress stemming from the age discrimination allegations; violations of the First Amendment and Connecticut General Statutes sections 31-51q; and intentional infliction of emotional distress stemming from the freedom of association claims.  This action is still pending in the Superior Court.

On July 5, 2006 Capone filed a second complaint against Electric Boat in the Superior Court for the Judicial District of New London.  On August 9, 2006, Electric Boat removed the second complaint to this court pursuant to 28 U.S.C. §§ 1331 and 1441.

II.     CAPONE'S MOTION TO REMAND

Capone asserts that remand is appropriate because the events that give rise to his pending state action and the current action in this court arise from the same factual circumstances.  Thus, consolidating this action with the state action would promote judicial efficiency by preventing the overlap of factual claims, duplicative testimony, and confusion of the trier of fact.  The court disagrees.

This court clearly has original jurisdiction over the ADEA claims in pursuant to 28 U.S.C. § 1331, and thus removal of the federal civil rights claim was proper under 28

3

U.S.C. § 1441(a). Capone's state law claims also arise out of the same factual predicate as his federal law claim, establishing a basis for supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). Electric Boat has therefore met its burden of demonstrating that the requirements for removal have been satisfied. California Public Employees' Retirement Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir.2004) (citing Grimo v. Blue Cross/Blue Shield of Vermont, 34 F.3d 148, 151 (2d Cir.1994)). Further, Capone has not identified a defect in removal that warrant remand under 28 U.S.C. § 1447(c).

For these reasons, Capone's Motion to Remand (Doc. No. 10) is DENIED.

## III. ELECTRIC BOAT'S MOTION TO COMPEL ARBITRATION AND STAY LITIGATION

### A. Legal Standard

The FAA provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. 9 U.S.C. § 2. The FAA reflects a "liberal federal policy favoring arbitration agreements." Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24 (1983). "Any analysis of a party's challenge to the enforcement of an arbitration agreement must begin by recognizing the FAA's strong policy in favor of rigorously enforcing arbitration agreements." Doctor's Associates, Inc. v. Hamilton, 150 F.3d 157, 162 (2d Cir. 1998).

In determining whether to compel arbitration pursuant to the FAA, a court looks to four factors: 1) whether the parties agreed to arbitrate their dispute; 2) whether the

asserted claims fall within the scope of the arbitration agreement; 3) whether Congress intended the federal statutory claims asserted by the plaintiff, if any, to be non-arbitrable, and 4) if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the remaining claims pending arbitration. Morales v. Rent-A-Center, Inc., 306 F.Supp.2d 175, 179 (D.Conn. 2003) (citing Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 844 (2d Cir.1987)).

To answer the question of whether a valid arbitration agreement exists, the court looks to the "ordinary state-law principles that govern the formation of contracts" under the law of the state governing the contract. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995). In this case, the parties agree that Connecticut law governs.

**B.      Discussion**

Electric Boat argues that Capone should be forced to arbitrate his dispute with Electric Boat because the DRP is an enforceable arbitration agreement that covers the claims Capone raises in the Complaint. Capone objects to arbitration by claiming that Electric Boat never provided him with adequate notice regarding the implementation of the DRP. In Capone's view, because he never received or viewed any of Electric Boat's notices concerning the DRP, he cannot be said to have agreed to submit his claims to arbitration.

Typically, "the party seeking to compel arbitration has the burden of demonstrating by a preponderance of the evidence the existence of an agreement to arbitrate." Tellium, Inc. v. Corning Inc., 2004 WL 307238, at *5 (S.D.N.Y. Feb. 13, 2004)(citing Progressive Cas. v. C.A. Reaseguradora Nacional, 991 F.2d 42, 46 (2d Cir.1993)). "In the context of motions to compel arbitration . . . the court applies a

standard similar to that applicable for a motion for summary judgment.  If there is an issue of fact as to the making of the agreement for arbitration, then a trial is necessary." Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003) (internal citations omitted).

      To establish that Capone received notice of the DRP, Electric Boat cites to the "Mailbox Rule."  That rule "provides that a properly stamped and addressed letter that is placed into a mailbox or handed over to the United States Postal Service raises a rebuttable presumption that it has been received."  Echavarria v. Nat'l Grange Mutual Ins. Co., 275 Conn. 408, 418 (2005) (citing 29 Am.Jur.2d, Evidence § 262 (1994)). Electric Boat claims to have raised this presumption by virtue of the numerous mailings it sent to Capone's home address that either included or explained the DRP.  Electric Boat also claims that a computer program it utilizes to track mail delivery problems never indicated that the mail sent to Capone's address was undeliverable.  Indeed, Capone makes no claim that Electric Boat sent the alleged correspondence to the wrong address, or that he changed his address at any relevant point in time.  Capone simply says he never received any of these materials.  According to Electric Boat, this denial is insufficient to rebut the presumption established by the mailbox rule.

      The court does not agree.  In Echavarria, the case upon which Electric Boat relies, the Connecticut Supreme Court did not decide what level of evidence is necessary to rebut the presumption of receipt because, unlike Capone, the plaintiff in that case never denied receipt of notice.  Echavarria, 275 Conn. at 419 n. 11. However, the court did note that other states hold that denial of receipt by the alleged addressee either presents an issue of fact for the jury or completely overcomes the presumption of receipt.  Id.  The trend in the Connecticut trial courts appears to be that

an addressee's denial of receipt raises an issue of fact for the jury.  See Paliwoda v. Mathews, 2006 WL 3042665 at *4 (Conn.Super. Oct. 16, 2006); Rios v. Old Republic Ins. Co., 2005 WL 3594580 at * 3 (Conn.Super. Dec. 5, 2005); see also Walenczyk v. Roy, 2006 WL 574264 at *3 (Conn.Super. Feb. 27, 2006) (discussing, without resolving, split of authority between jurisdictions that allow denial to raise issue of fact and jurisdictions that allow denial to overcome presumption).  Based on this trend, the court finds that, by his denial of receipt, Capone has raised an issue of fact as to whether he had notice of DRP's terms.  Therefore, Electric Boat's Motions to Compel Arbitration (Doc. No. 12) and to Stay (Doc. No. 14) are DENIED.

## IV.     CONCLUSION

For the foregoing reasons, Capone's Motion to Remand (Doc. No. 10) and Electric Boat's Motions to Compel Arbitration and to Stay (Doc. Nos. 12 & 14) are DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 18th day of December, 2006.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge